IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRA PERLMUTTER, *Register of Copyrights and Director of the U.S. Copyright Office*,<br>U.S. Copyright Office<br>101 Independence Avenue SE<br>Washington, DC 20559<br><br>　　*Plaintiff*,<br><br>v.<br><br>TODD BLANCHE, *in his capacity as the person claiming to be acting Librarian of Congress*,<br>Library of Congress<br>101 Independence Avenue SE<br>Washington, DC 20559<br><br>PAUL PERKINS, *in his capacity as the person claiming to be the Register of Copyrights*,<br>U.S. Copyright Office<br>101 Independence Avenue SE<br>Washington, DC 20559<br><br>SERGIO GOR, *in his official capacity as the Director of the White House Presidential Personnel Office*,<br>1600 Pennsylvania Avenue NW<br>Washington, DC 20500<br><br>TRENT MORSE, *in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office*,<br>1600 Pennsylvania Avenue NW<br>Washington, DC 20500<br><br>EXECUTIVE OFFICE OF THE PRESIDENT,<br>1600 Pennsylvania Avenue NW<br>Washington, DC 20500 | Case No. 25-cv-1659<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**EMERGENCY TEMPORARY RESTRAINING ORDER SOUGHT** |

and

DONALD J. TRUMP, *in his official capacity as President of the United States*,
1600 Pennsylvania Avenue NW
Washington, DC 20500

    *Defendants.*

## INTRODUCTION

The Library of Congress is a national treasure. It maintains the largest collection of any library in the world, performs confidential research for Members of Congress seeking to develop legislation, and houses the Nation's copyright system. This national treasure is, in name and function, Congress's library, and it exercises unique statutory functions in that role. *Cf.* 2 U.S.C. Ch. 5 ("Library of Congress," under the title "The Congress"). It is therefore unsurprising that Congress has not given up its right to have a say in the leadership of its Library.

But on May 8, 2025, President Donald J. Trump fired Dr. Carla D. Hayden, the Librarian of Congress. In the days that followed, President Trump attempted to bulldoze over Congress's role in selecting leadership within the Library of Congress. The President fired Dr. Carla D. Hayden, the Librarian of Congress, and purported to remove Plaintiff Shira Perlmutter from her post as Register of Copyrights and Director of the U.S. Copyright Office. The President then, without any authorization from Congress or advice and consent from the Senate, purported to appoint his close associate and the Deputy Attorney General at the U.S. Department of Justice, Todd Blanche, as acting Librarian of Congress. Mr. Blanche, in turn, sent two Justice Department officials to the Library of Congress to attempt to access the U.S. Copyright Office and assume the positions of acting Deputy Librarian of Congress and Register of Copyrights.

1

The Administration's attempts to remove Ms. Perlmutter as the Register of Copyrights are blatantly unlawful. Congress vested the Librarian of Congress—not the President—with the power to appoint, and therefore to remove, the Register of Copyrights. 17 U.S.C. § 701(a). Accordingly, the President's attempt to remove Ms. Perlmutter was unlawful and ineffective.

Nor can Ms. Perlmutter be removed by Mr. Blanche, whom the President purported to appoint as *acting* Librarian of Congress. The President has no authority to name a temporary replacement Librarian of Congress, much less name a high-ranking DOJ official whose presence offends the constitutional separation of powers. Although Congress has authorized the President through the Federal Vacancies Reform Act to temporarily fill vacant, high-level positions in an "Executive agency," 5 U.S.C. § 3345(a), it has not authorized the President to fill temporary vacancies elsewhere, including, as relevant here, the Library of Congress. Instead, Congress chose to authorize the Librarian of Congress to "make rules and regulations for the government of the Library," 2 U.S.C. § 136, and, pursuant to those rules, interim Principal Deputy Librarian Robert R. Newlen now exercises the powers of the acting Librarian of Congress.

In short, the President's attempt to name Mr. Blanche as acting Librarian of Congress was unlawful and ineffective, and therefore Mr. Blanche cannot remove or replace Ms. Perlmutter.

Plaintiff Shira Perlmutter brings this action against Todd Blanche, in his capacity as the person unlawfully appointed as and now claiming to be acting Librarian of Congress; Paul Perkins, in his capacity as the person claiming to be the Register of Copyrights; Sergio Gor, in his official capacity as the Director of the White House Presidential Personnel Office; Trent Morse, in his official capacity as the Deputy Director of the White House Presidential Personnel Office; the Executive Office of the President; and Donald J. Trump, in his official capacity as President of the

United States, to prevent Defendants from interfering with her lawful appointment as Register of Copyrights and Director of the U.S. Copyright Office.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361, 1651, 2201, and 2202.

2. Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Shira Perlmutter is the Register of Copyrights and Director of the U.S. Copyright Office of the Library of Congress. Librarian of Congress Carla D. Hayden appointed Ms. Perlmutter to the position in October 2020.

4. Defendant Todd Blanche is the Deputy Attorney General at the U.S. Department of Justice and claims to have been designated as the acting Librarian of Congress. He is responsible for the purported replacement of Ms. Perlmutter as Register of Copyrights and Director of the U.S. Copyright Office.

5. Defendant Paul Perkins is an Associate Deputy Attorney General in the Office of the Deputy Attorney General at the U.S. Department of Justice. Mr. Perkins claims to have been designated by Mr. Blanche as acting Register of Copyrights and Director of the U.S. Copyright Office of the Library of Congress.

6. Defendant Sergio Gor is the Director of the White House Presidential Personnel Office, and is responsible for the purported removal of Ms. Perlmutter from her position.

7. Defendant Trent Morse is Deputy Assistant to the President and the Deputy Director of the White House Presidential Personnel Office, and is responsible for the purported removal of Ms. Perlmutter from her position.

8. Defendant Executive Office of the President is a federal agency, and is responsible for the purported removal of Ms. Perlmutter from her position and for the purported designation of Defendant Todd Blanche as acting Librarian of Congress.

9. Defendant Donald J. Trump is the President of the United States and is responsible for the purported removal of Ms. Perlmutter from her position and for the purported designation of Defendant Todd Blanche as acting Librarian of Congress.

## STATUTORY BACKGROUND

10. The Library of Congress is an agency that Congress has designated as a part of the legislative branch of the U.S. government. 2 U.S.C. § 171(1).[1] The Library "serves as the research arm of Congress and is recognized as the national library of the United States." *Frequently Asked Questions*, Libr. of Cong., https://perma.cc/6Z77-ZRE4 (archived May 17, 2025).

11. The Library of Congress is led by the Librarian of Congress, who is appointed by the President of the United States and confirmed by a vote of the Senate. *See* 2 U.S.C. § 136-1(a). The Librarian is appointed for a term of ten years. *Id.* § 136-1(b). Congress has delegated to the Librarian the authority to make regulations for the government of the Library. *Id.* § 136.

12. The Library of Congress is comprised of several divisions, including the U.S. Copyright Office, 17 U.S.C. § 701, which has been a department within the Library of Congress for more than 150 years. The U.S. Copyright Office "registers copyright claims, records information about copyright ownership, provides information to the public, and assists Congress and other parts of the government on a wide range of copyright issues." *Overview*, U.S. Copyright Off., https://perma.cc/6BQN-J5Z5 (archived May 22, 2025). It examines hundreds of thousands

---

[1] The Library of Congress was established in 1800, with the appropriation of $5,000 for books for the use of Congress. *See* Library of Congress Information Bulletin (1984).

of copyright claims per year and receives deposits of works of authorship submitted for registration. *Id.* These deposits contribute significantly to the Library of Congress's collections. *Id.*

13. The Register of Copyrights leads the Copyright Office, is appointed by the Librarian of Congress, and acts under the Librarian's general direction and supervision. 17 U.S.C. § 701(a). The Register is the principal advisor to Congress on national and international copyright matters, testifying upon request and providing ongoing leadership and impartial expertise on copyright law and policy. *Overview*, U.S. Copyright Off., https://perma.cc/6BQN-J5Z5 (archived May 22, 2025).

14. The Register of Copyrights is statutorily required to perform the following functions and duties, among others:

- "Advise Congress on national and international issues relating to copyright, other matters arising under this title, and related matters";

- "Provide information and assistance to Federal departments and agencies and the Judiciary on national and international issues relating to copyright, other matters arising under this title, and related matters";

- "Participate in meetings of international intergovernmental organizations and meetings with foreign government officials relating to copyright, other matters arising under this title, and related matters, including as a member of United States delegations as authorized by the appropriate Executive branch authority";

- "Conduct studies and programs regarding copyright, other matters arising under this title, and related matters, the administration of the Copyright Office, or any function vested in the Copyright Office by law, including educational programs conducted cooperatively with foreign intellectual property offices and international intergovernmental organizations"; and

- "Perform such other functions as Congress may direct, or as may be appropriate in furtherance of the functions and duties specifically set forth in this title."

17 U.S.C. § 701(b).

15. The Library of Congress also includes the Congressional Research Service (CRS), 2 U.S.C. § 166(a), which is required to confidentially "advise and assist" congressional committees, upon request, "in the analysis, appraisal, and evaluation of legislative proposals within that committee's jurisdiction, or of recommendations submitted to Congress, by the President or any executive agency." 2 U.S.C. § 166(d). Each year, CRS receives thousands of requests. These duties must be performed "without partisan bias." *Id.* The Library of Congress also maintains confidential congressional records.

16. The Director of CRS leads the division and is appointed by the Librarian of Congress, after consultation with Congress's Joint Committee on the Library. 2 U.S.C. § 166(c)(1).

**FACTUAL ALLEGATIONS**

17. President Trump fired the Librarian of Congress, Dr. Carla D. Hayden, via email on May 8, 2025. *See* Tim Balk, *Trump Administration Fires Librarian of Congress,* N.Y. Times (May 8, 2025), https://perma.cc/865K-GS9D. Dr. Hayden, who was appointed in 2016 and became the 14th Librarian of Congress, was the first African American and first woman to serve in the role. *Id.* White House Press Secretary Karoline Leavitt explained that Dr. Hayden's firing was due to "quite concerning things that [Dr. Hayden] had done at the Library of Congress in the pursuit of D.E.I. and putting inappropriate books in the library for children." Erica L. Green, *Trump Fired Librarian of Congress Over D.E.I.,* N.Y. Times (May 9, 2025), https://perma.cc/B434-H5QP. Neither Ms. Leavitt nor any other administration official provided any detail or support for these claims, which are at odds with the Library's status as a non-lending research library accessible only by those age 16 and older. *Frequently Asked Questions*, Libr. of Cong., https://perma.cc/6Z77-ZRE4.

18.　　Under the regulations promulgated pursuant to 2 U.S.C. § 136 and longstanding practice, interim Principal Deputy Librarian Robert R. Newlen replaced Dr. Hayden as acting Librarian of Congress.  Mr. Newlen has been an employee of the Library of Congress for a total of more than 40 years.

19.　　On May 9, 2025, the U.S. Copyright Office issued a long-awaited report, in pre-publication format.  Part 3 of its Report on Copyright and Artificial Intelligence (AI), issued pursuant to the Register of Copyrights' statutory responsibility to "[c]onduct studies" and "[a]dvise Congress on national and international issues relating to copyright," 17 U.S.C. § 701(b)(1), (b)(4), addressed the use of copyrighted works in the development of generative AI systems.  *See* U.S. Copyright Off., *Copyright and Artificial Intelligence Part 3: Generative AI Training* (May 2025), https://perma.cc/3J9F-7SQN.  The Report concluded that some uses of copyrighted works in generative AI training were likely to qualify as "fair use," but some uses were likely to require licensing.  A fourth and final part of the report is in the process of being finalized, and will address the topic of potential liability for infringing AI outputs.

20.　　The following day, May 10, 2025, Trent Morse, Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel, sent an email to Ms. Perlmutter, which stated that, on behalf of the President, her "position as the Register of Copyrights and Director at the U.S. Copyright Office is terminated effective immediately."

21.　　President Trump later re-posted on his social media platform, Truth Social, the following post with a CBS article announcing that he had fired Ms. Perlmutter:



https://perma.cc/C7RF-HNJR.

22.     On May 12, 2025, two Justice Department officials arrived at the Library of Congress and requested access to the U.S. Copyright Office. *See* Maya C. Miller & Devlin Barrett, *Trump Installs Top Justice Dept. Official at Library of Congress, Prompting a Standoff*, N.Y. Times (May 12, 2025), https://perma.cc/9L4G-8ZMU. The Justice Department officials—Brian Nieves, who serves as Deputy Attorney General Todd Blanche's Chief of Staff and Senior Policy Counsel, and Paul Perkins, Mr. Blanche's Associate Deputy Attorney General—showed Library staff a letter from the White House that purported to appoint Mr. Blanche to serve as the acting Librarian of Congress. *Id.* The letter references the Federal Vacancies Reform Act as the source of the President's authority to name Mr. Blanche to the post of acting Librarian of Congress.

23.     The Justice Department officials also showed Library staff an email from Mr. Blanche that stated that he had selected them to serve in senior roles within the Library of Congress: Mr. Nieves as the acting Principal Deputy Librarian of Congress, and Mr. Perkins to replace Ms. Perlmutter as the acting Register of Copyrights and the Director of the U.S. Copyright

Office, which served as Mr. Blanche's ratification of the President's decision to remove Ms. Perlmutter from her position. *Id.*

24. Library of Congress staff contacted the U.S. Capitol Police, the federal law enforcement agency charged with protecting the United States Congress, which has jurisdiction within the Library of Congress's building and grounds, 2 U.S.C. § 167h. *See* Hillel Italie & Seung Min Kim, *Deputy Attorney General Who Defended Trump in Hush Money Trial is Named Acting Librarian of Congress*, AP News (May 12, 2025), https://perma.cc/KT26-92GZ. Subsequently, Mr. Nieves and Mr. Perkins left the grounds of the Library of Congress voluntarily. *Id.*

25. A Justice Department spokesperson later represented to news outlets that President Trump had appointed Mr. Blanche as the acting Librarian of Congress. *See id.* The Justice Department spokesperson also represented that Mr. Blanche had appointed Mr. Nieves and Mr. Perkins to their respective positions in the Library. *Id.*

## CLAIMS FOR RELIEF

### Count I
### *Ultra Vires* – Violation of Constitutional and Statutory Authority
### (Appointment of Todd Blanche as Acting Librarian of Congress)
### (Against All Defendants)

26. The foregoing paragraphs are incorporated herein by reference.

27. The President's purported appointment of Defendant Blanche as acting Librarian of Congress is *ultra vires* because it is not authorized by the Constitution or any statutory provision.

28. Through the Appointments Clause, the Constitution empowers the President to appoint "Officers of the United States," subject to "the Advice and Consent of the Senate." U.S. Const. Art. II, § 2, cl. 2. The Appointments Clause does not authorize the President to appoint an

9

individual to perform the duties of the Librarian of Congress without the advice and consent of the Senate.

29. The Federal Vacancies Reform Act permits the President, in certain circumstances, to "temporarily authoriz[e] an acting official to perform the functions and duties of any office of an Executive agency" for which Senate confirmation is required.  5 U.S.C § 3347(a).

30. The Library of Congress is not an "Executive agency" within the meaning of the Federal Vacancies Reform Act.  *See* 5 U.S.C. § 105.  Therefore, the Federal Vacancies Reform Act does not authorize the President to appoint an acting Librarian of Congress.  5 U.S.C § 3347(a).

31. Mr. Blanche's unlawful position at the Library of Congress has caused and will continue to cause Ms. Perlmutter to sustain injuries, by threatening to deprive her of access to her lawful appointment as Register of Copyrights and Director of the U.S. Copyright Office, by preventing her from fulfilling her statutory responsibilities to Congress, and by causing the purported appointment of Mr. Perkins to Ms. Perlmutter's rightful position.

### Count II
### U.S. Constitution – Separation of Powers and Appointments Clause
### (Removal of Shira Perlmutter as Register of Copyrights)
### (Against All Defendants)

32. The foregoing paragraphs are incorporated herein by reference.

33. This Court has inherent equitable power to enjoin executive conduct that violates the Constitution.  *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010).

34. Both President Trump's and Mr. Blanche's purported removal of Plaintiff is invalid because they violate Article II, section 2 of the U.S. Constitution.  The Appointments Clause grants Congress the authority to vest the appointment of inferior officers, such as the Register of Copyrights, in the heads of Departments.  Congress has exercised that authority to grant the

Librarian of Congress the exclusive authority to appoint the Register of Copyrights. 17 U.S.C. § 701(a).

35. When Congress enacts such a scheme, "it is ordinarily the department head"—here, the Librarian of Congress—"rather than the President, who enjoys the power of removal." *Free Enter. Fund*, 561 U.S. at 493. And "[a]bsent relevant legislation" stating otherwise, "the power to remove is held . . . only by the appointing authority." *Nat'l Treasury Emps. Union v. Reagan*, 663 F.2d 239, 247 (D.C. Cir. 1981). Therefore, the Librarian of Congress retains the exclusive authority to hire and fire the Register of Copyrights. *Free Enter. Fund*, 561 U.S. at 509.

36. The purported termination of Plaintiff from her position as Register of Copyrights and Director of the Copyright Office by President Trump, Mr. Blanche, or any other Defendant is unlawful. No Defendant is lawfully the Librarian of Congress, and only the Librarian of Congress has the authority to remove Plaintiff from her position.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Enter a preliminary and permanent injunction ordering Mr. Blanche not to exercise the powers of acting Librarian of Congress, Defendants not to purport to appoint any other individual to be acting Librarian of Congress, Mr. Perkins not to exercise the powers of acting Register of Copyrights, and any actions taken or contemplated to be taken by Mr. Blanche or any other improperly appointed person as an officer of the Library of Congress to be void *ab initio* and without effect;

(B) Enter a preliminary and permanent injunction ordering that Plaintiff Shira Perlmutter may not be removed from her office as Register of Copyrights and Director of the U.S. Copyright Office, or in any way be treated as having been removed, denied, or obstructed

11

in accessing any of the benefits or resources of her office, or otherwise be obstructed from her ability to carry out her duties, absent a decision by a lawfully appointed Librarian of Congress to remove her from that office.

(C) Declare that the Federal Vacancies Reform Act does not authorize the appointment of a temporary acting Librarian of Congress.

(D) Declare that Plaintiff Shira Perlmutter remains the Register of Copyrights and Director of the U.S. Copyright Office, Mr. Blanche has not lawfully been appointed as the acting Librarian of Congress, and Mr. Newlen remains the acting Librarian of Congress; and

(E) Award all other appropriate relief.

Dated: May 22, 2025

Respectfully submitted,

*/s/ Allyson R. Scher*
Brian D. Netter (D.C. Bar No. 979362)
Allyson R. Scher (D.C. Bar No. 1616379)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bnetter@democracyforward.org
ascher@democracyforward.org

Donald B. Verrilli, Jr. (D.C. Bar. No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
donald.verrilli@mto.com
ginger.anders@mto.com

Kuruvilla J. Olasa (pro hac vice forthcoming)
James R. Salzmann (pro hac vice forthcoming)
Miranda E. Rehaut (pro hac vice forthcoming)
Adeel Mohammadi (pro hac vice forthcoming)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor

Los Angeles, California 90071
(213) 683-9100
kuruvilla.olasa@mto.com
james.salzmann@mto.com
miranda.rehaut@mto.com
adeel.mohammadi@mto.com

*Counsel for Plaintiff*

13