UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHIRA PERLMUTTER, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 1:25-cv-01659-TJK |
| TODD BLANCHE, *et al.*, | ) |
| *Defendants*. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF BRIEFING SCHEDULE**

1. Plaintiff filed this lawsuit last Thursday, along with a motion for a temporary restraining order. *See* ECF Nos. 1-2. After expedited briefing over the Memorial Day weekend, this Court held a hearing on Plaintiff's motion and, after argument, denied the motion from the bench. *See* Minute Order, May 28, 2025. In its oral decision, this Court explained that it was denying Plaintiff's motion because she had "not met her burden of showing that she will suffer imminent irreparable harm," as required to obtain emergency injunctive relief. *See* Tr. of Hr'g on Mot. for Temporary Restraining Order at 52 (May 28, 2025) ("Tr.").

The Court then directed the parties to submit a proposed briefing schedule by 5 p.m. yesterday (May 29) in the event Plaintiff decided to file a motion for a preliminary injunction. *See* Minute Order, May 28, 2025.

Despite this Court's invitation, Plaintiff did not propose a briefing schedule for a preliminary injunction motion. Instead, she submitted the present motion for a briefing schedule to govern a motion for summary judgment. *See* ECF No. 16. Plaintiff's proposed briefing schedule would proceed on a highly expedited schedule:

1

  (1) Plaintiff's motion for summary judgment: June 5

  (2) Defendants' opposition to Plaintiff's motion for summary judgment: June 12

  (3) Plaintiff's reply in support of motion for summary judgment: June 16

*Id*. at 1-2.

  **2.** Plaintiff has failed to justify the highly expedited summary judgment schedule she requests. As her sole justification for this request, Plaintiff urges that "there remains a pressing need for both the parties and the public to obtain a speedy resolution of this matter, as the leadership of the Library of Congress and the Copyright Office will remain in dispute until the legality of Defendants' actions is adjudicated on the merits." ECF No. 16 at 1. But there is nothing "pressing" about a legal issue remaining "in dispute" until an adjudication on the merits after a case has run its normal course. That is true of all litigation, but that fact does not give every plaintiff a right to expedited proceedings. And it especially should not here, where this Court recognized in denying the motion for a temporary restraining order that Plaintiff has failed to show that any of the purported harms she identified are either irreparable or imminent. *See* Tr. at 52. In the face of that ruling, Plaintiff has no basis for claiming a "pressing need" for this case to be resolved on the highly expedited timeline she proposes—one that would give Defendants half of the default time under Local Rule 7(b) to prepare their opposition brief, and only a few days longer than they had to prepare their opposition to Plaintiff's motion for a temporary restraining order.

  The expedited summary judgment schedule Plaintiff proposes is not just unwarranted, but it would do a disservice to this Court's ability to fully consider the issues in this litigation. As the parties' briefing on the motion for a temporary restraining order illustrates, Plaintiff's claims implicate important questions regarding the interpretation of federal law (the Federal Vacancies Reform Act) and the scope of certain aspects of the President's Article II authority. Indeed, this

Court expressed its view during the hearing that this case raises difficult legal issues. *E.g.*, Tr. at 7 ("You each have to grapple with a significant amount of evidence on the other side"). Requiring the parties to engage in another episode of rushed briefing would hinder their ability to provide this Court with a thorough and fully considered analysis of these issues.

The Court should not entertain Plaintiff's request to "confer further with Defendants to determine a schedule for briefing a preliminary injunction" in the event this Court denies her requested summary judgment briefing schedule. ECF No. 16. This Court gave Plaintiff that opportunity already, but rather than propose a schedule for preliminary injunction briefing to Defendants, Plaintiff filed her present motion. That is no doubt because Plaintiff does not believe she could obtain a preliminary injunction given this Court's holding that she has failed to show the irreparable harm necessary for emergency injunctive relief. Having declined this Court's invitation to pursue a preliminary injunction motion, Plaintiff should not be permitted to force summary judgment briefing to proceed on the fast-track schedule she proposes without being able to show the threat of imminent irreparable harm that normally justifies such highly expedited proceedings.

Accordingly, the Court should deny Plaintiff's proposed schedule for summary judgment briefing. To the extent Plaintiff still intends to file a motion for summary judgment at this early juncture—before Defendants have been properly served and their 60-day timeline to respond to the complaint triggered (much less run)—Defendants respectfully request that the Court enter the following schedule to govern the parties cross-motions for summary judgment:

| Plaintiff's Motion for Summary Judgment | June 5, 2025, or later date |
|---|---|
| Defendants' Combined Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment | June 26, 2025, or 21 days after Plaintiff's Motion for Summary Judgment |
| Plaintiff's Combined Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment | July 17, 2025, or 21 days after Defendants' Combined Opposition and Cross-Motion for Summary Judgment |
| Defendants' Reply in Support of Cross-Motion for Summary Judgment | July 31, 2025, or 14 days after Plaintiffs' Combined Opposition and Reply |

Dated:   May 30, 2025                              Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

CHRISTOPHER HALL
Assistant Branch Director
Federal Programs Branch

*/s/ Benjamin Hayes*
BENJAMIN HAYES
Senior Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-8214
E-mail: Benjamin.T.Hayes@usdoj.gov

*Counsel for Defendants*