**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHIRA PERLMUTTER,

     *Plaintiff,*

v.

TODD BLANCHE *et al.,*

     *Defendants.*

Case No. 25-cv-01659-TJK

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

*Trump v. Boyle*, 606 U.S. ___ (2025), cited in Defendants' Notice of Supplemental Authority (ECF No. 36), does not support Defendants' attempt to remove Ms. Perlmutter.  In *Boyle*, the Supreme Court entered a stay pending appeal of a permanent injunction preventing the removal of members of the Consumer Product Safety Commission.  The Court explained that its stay order in *Boyle* was "squarely controlled" by *Trump v. Wilcox*, 605 U.S. ___ (2025), because "the Consumer Product Safety Commission exercises executive power in a similar manner as the National Labor Relations Board, and the case does not otherwise differ from *Wilcox* in any pertinent respect." *Boyle*, 606 U.S. at *1.  The stay orders in *Wilcox*, and by extension *Boyle*, are premised on the Supreme Court's conclusion that the President likely has the power to remove members of independent agencies like the CPSC and the NLRB.  But the Supreme Court's prediction that the President will prevail with respect to the removal of independent agency members does nothing to advance Defendants' argument here, *i.e.*, that federal courts remain impotent even when the President and his designees seek to remove an official that they do *not* have the power to remove.

1

As was the case at the hearing on Plaintiff's motion, the Government offers no explanation of how its interpretation of *Wilcox* and *Boyle* is consistent with the outcome of *Aviel v. Gor*, No. 25-5105, 2025 WL 1600446 (D.C. Cir. June 5, 2025) ("*Aviel II*"), which considered the import of *Wilcox* and nevertheless *sustained* an injunction preventing the unlawful removal of a government employee.  If anything, *Boyle* stands for the proposition that the interim orders of superior courts should "inform how a court should exercise its equitable discretion in like cases."  *Boyle*, 606 U.S. at *1.  The D.C. Circuit's interpretation of *Wilcox* in *Aviel II* should therefore inform this Court's decision on Plaintiff's pending motion for preliminary injunction; it would be erroneous, therefore, to interpret *Wilcox* (as the Government suggests) to mean that the balance of equities tilts in favor of the Executive Branch even when the purported removal of the federal official is itself unlawful. *Cf. Aviel II* at *4 & *4–5 n.2 (explaining that it is "appropriate to defer to the views expressed by our *en banc* Court in denying a stay pending appeal" because it is the "last word" on the issue); *Kelleher v. Dream Catcher, L.L.C.*, No. 1:16-cv-02092, 2017 WL 7279397, at *1 (D.D.C. July 24, 2017) (adopting the interpretation of a motions panel of the D.C. Circuit because it is a "persuasive authority" on the issue) (citation omitted).

Dated: July 29, 2025                     Respectfully submitted,

                                         */s/ Allyson R. Scher*
                                         Brian D. Netter (D.C. Bar No. 979362)
                                         Allyson R. Scher (D.C. Bar No. 1616379)
                                         Democracy Forward Foundation
                                         P.O. Box 34553
                                         Washington, DC 20043
                                         (202) 448-9090
                                         bnetter@democracyforward.org
                                         ascher@democracyforward.org

                                         Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
                                         Ginger D. Anders (D.C. Bar No. 494471)

MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
donald.verrilli@mto.com
ginger.anders@mto.com

Kuruvilla J. Olasa (admitted *pro hac vice*)
James R. Salzmann (admitted *pro hac vice*)
Miranda E. Rehaut (admitted *pro hac vice*)
Adeel Mohammadi (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
(213) 683-9100
kuruvilla.olasa@mto.com
james.salzmann@mto.com
miranda.rehaut@mto.com
adeel.mohammadi@mto.com

*Counsel for Plaintiff*