## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHIRA PERLMUTTER,

    *Plaintiff*,

v.

TODD BLANCHE *et al.*,

    *Defendants*.

Case No. 25-cv-01659-TJK

## <u>EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL</u>

President Trump purported to remove Plaintiff Shira Perlmutter, the Register of Copyrights and Director of the U.S. Copyright Office, from her position on May 10, 2025.  Since then, Plaintiff has suffered a continuing and manifestly irreparable injury: the usurpation of her statutory position as the administrator of the nation's copyright system; an impediment to her ability to discharge her ongoing statutory responsibilities as the lawful Register of Copyrights; and irreversible damage to the institutional independence and integrity of the Library of Congress and Copyright Office that directly flows from the President's unlawful seizure, which prevents Plaintiff's ability to resume her duties as usual at some later date.  On July 30, 2025, this Court denied Plaintiff's motion for preliminary injunction because it concluded that Plaintiff has not shown irreparable harm.  Order, ECF No. 39.  But its Memorandum Opinion does not address Plaintiff's argument on the merits, which leaves no doubt that the President does not have the authority to directly remove Ms. Perlmutter, nor does he have the authority to unilaterally install Todd Blanche as acting Librarian of Congress, who in turn attempted to remove Ms. Perlmutter.  Mem. Op., ECF No. 40.  Plaintiff

now seeks an injunction under Federal Rule of Civil Procedure 62(d) to prevent her continued irreparable harm.

Rule 62(d) "necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal"—"even if the court that just denied injunctive relief 'believe[s] its analysis' in denying relief 'is correct.'" *United States v. Facebook*, 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024) (alteration in original) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977)). An injunction pending appeal can be proper, for instance, where the "threat of irreparable harm" is "grave"; the balance of the equities "decisively" favors relief; and the movant "establishes a 'serious legal question' on the merits and shows that 'the other three factors tip sharply' in its favor." *Id.* Those criteria are all met here.

*Grave threat of irreparable harm.* Plaintiff's Complaint and briefing showed that Plaintiff has been and will continue to be irreparably harmed by her purported removal from her statutory office. ECF Nos. 1, 2, 9, 24-2, 34. Defendants' actions deprive her of her "statutory right to function" in the role that the Librarian of Congress lawfully appointed her to perform. *See, e.g.*, *Harris v. Bessent*, No. 25-cv-412, 2025 WL 679303, at *13 (D.D.C. Mar. 4, 2025), *appeal pending*, No. 25-5055 (D.C. Cir.). Nor did Defendants offer a theory of how Plaintiff's harm is remediable. While at earlier stages in this litigation Defendants argued that Plaintiff "can obtain monetary relief in the form of back pay" upon a finding that her removal was unlawful, Defs.' Opp'n at 20, ECF No. 7, Defendants have abandoned that argument, *see* Pl.'s Reply at 19 n.6, ECF No. 34. Plaintiff's purported removal inflicts precisely the kind of irreparable harm that warrants an emergency injunction and cannot be remedied by financial payments.

Ms. Perlmutter is also irreparably harmed by the resultant inability to discharge her statutory duties, which are currently required of her as the lawful Register of Copyrights. Contrary to the Court's assumption, Mem. Op. at 7, ECF No. 40, and as Plaintiff explained at the hearing on her preliminary injunction motion, Mr. Blanche's selection for acting Register of Copyrights, Paul Perkins, has not returned to the Library of Congress since he was denied access on May 12, 2025. Prelim. Inj. Hr'g Tr. 39:18-23. Officials and staff at the Library of Congress have not recognized Mr. Blanche as acting Librarian or Mr. Perkins as acting Register, Mot. for Prelim. Inj. at 3, ECF No. 24-2, and continue to recognize Ms. Perlmutter as the current Register, *id.* at 28. Ms. Perlmutter, in addition to the Library and Copyright Office, suffers irreparable harm due to Ms. Perlmutter's inability to execute the Register's statutory duties.

Finally, the President's efforts to oust Ms. Perlmutter directly threaten the Library's and the Copyright Office's ability to perform their assigned functions as intended by Congress—which has *not* given the President authority to unilaterally appoint an acting Librarian, or to directly remove the Register. The purported appointments of Mr. Blanche and Mr. Perkins threaten to provide the Executive Branch with unlawful access to confidential "Congressional correspondence and other materials relating to work performed in response to or in anticipation of Congressional requests," *id.* at 31–32, and the deposits of copyrighted works safeguarded in the Copyright Office. This unlawful access would irreversibly damage the credibility and reliability of the institution as a non-partisan advisor, jeopardize the security of the copyright registration system and the value of the deposited works, place confidential congressional correspondence and work product at risk, and preclude Ms. Perlmutter's effective return to the institution she is charged with safeguarding.

*The public interest and equities decisively favor relief.* Plaintiff has demonstratively shown that the public interest and equities tip and their favor. *Id.* at 22–34; Pl.'s Reply at 14–24, ECF

No. 34.  Because Ms. Perlmutter's unlawful removal is itself a component of the President's unlawful assault on the institutional independence and integrity of the Library and Copyright Office, it is impossible to assess the irreparable harm and balance of the equities separately from the merits of Ms. Perlmutter's claims.  Plaintiff has decisively demonstrated that she will prevail on the merits—that the President does *not* have the authority to remove Ms. Perlmutter or appoint Mr. Blanche to acting Librarian—and therefore preliminary relief will not, as Defendants contend, "mark a severe intrusion into the President's authority to exercise 'all of' the 'executive Power' of the United States."  Defs.' Opp'n at 36, ECF No. 33.  It will not mark *any* intrusion to the President's executive authority because the President *has no authority* to remove Ms. Perlmutter. *See Rural Dev. Innovations Ltd. v. Marocco*, 25-cv- 1631, 2025 WL 1807818, at *14 (D.D.C. July 1, 2025).  On the other hand, as explained above, the harm to Plaintiff, the Library, and the Copyright Office is significant, irreparable, and ongoing.

*Serious legal questions on the merits.*  At a minimum, Plaintiff has raised serious legal issues for the reasons explained in her prior briefing.  ECF Nos. 1, 2, 9, 24-2, 34.  While the Court did not reach Plaintiff's likelihood of the merits in its decision, Plaintiff raised serious questions related to the President's authority under Article II, the Appointments Clause, and the Federal Vacancies Reform Act.  The D.C. Circuit and other judges in this District have considered the same or similar questions in a number of other cases.  *See, e.g.*, *Aviel v. Gor*, No. 25-5105, 2025 WL 1600446, at *1 (D.C. Cir. June 5, 2025) ("*Aviel II*") (concluding that President likely does not have inherent Article II authority to unilaterally install acting principal officers and that the President does not have the authority to directly remove inferior officers); *Rural Dev. Innovations*, 2025 WL 1807818, at *10–11, 12 (concluding that the President likely does not have inherent Article II authority to unilaterally install acting principal officers).  These types of recurring

questions about the bounds of the President's appointment and removal authority are precisely the kinds of serious merits questions that—taken together with the harms and the equities—warrant injunctive relief pending appeal.

## CONCLUSION

For these reasons, the Court should grant Plaintiff's motion and enjoin Mr. Blanche from exercising the powers of acting Librarian of Congress, enjoin Mr. Perkins from exercising the powers of acting Register of Copyrights, and order that Plaintiff Ms. Perlmutter may not be removed from her office as Register of Copyrights and Director of the Copyright Office absent a decision by a lawfully appointed Librarian of Congress to remove her from that office while Plaintiff's appeal is pending.  This Court should not require Plaintiff to post a bond because the requested relief will "do the defendant[s] no material damage"—and that fact counsels strongly in favor of "dispens[ing] with any security requirement whatsoever," as is typical in cases in which government action is at issue.  *Am. First Legal Found. v. Becerra*, No. 24-cv-1092, 2024 WL 3741402, at *16 n.11 (D.D.C. Aug. 9, 2024) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 759 (D.C. Cir. 1980)).


Dated: August 4, 2025                    Respectfully submitted,

                                         */s/ Allyson R. Scher*
                                         Brian D. Netter (D.C. Bar No. 979362)
                                         Allyson R. Scher (D.C. Bar No. 1616379)
                                         Democracy Forward Foundation
                                         P.O. Box 34553
                                         Washington, DC 20043
                                         (202) 448-9090
                                         bnetter@democracyforward.org
                                         ascher@democracyforward.org

                                         Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
                                         Ginger D. Anders (D.C. Bar No. 494471)

MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
donald.verrilli@mto.com
ginger.anders@mto.com

Kuruvilla J. Olasa (admitted *pro hac vice*)
Miranda E. Rehaut (admitted *pro hac vice*)
Adeel Mohammadi (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
(213) 683-9100
kuruvilla.olasa@mto.com
james.salzmann@mto.com
miranda.rehaut@mto.com
adeel.mohammadi@mto.com

*Counsel for Plaintiff*