UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRA PERLMUTTER, | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) No. 1:25-cv-01659-TJK <br> ) |
| TODD BLANCHE, *et al.*, | ) <br> ) |
| *Defendants*. | ) <br> ) |

**OPPOSITION TO EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    Plaintiff has not Shown a Likelihood of Success or a Serious Question on the Merits. ................................................................................................................. 3

    II.    The Remaining Factors Strongly Disfavor an Injunction Pending Appeal. ........... 4

CONCLUSION ....................................................................................................................... 6

## INTRODUCTION

Plaintiff Shira Perlmutter brought this lawsuit to challenge her removal from the position of Register of Copyrights and Director of the U.S. Copyright Office. This Court has now twice denied Plaintiff's requests for emergency injunctive relief because she failed to establish that she will be irreparably injured absent an injunction reinstating her to her former post. Plaintiff has appealed the Court's order denying her motion for a preliminary injunction and now requests an injunction pending appeal from this Court.

The Court should deny the motion. Plaintiff's five-page motion largely recites and cross-references the arguments she already advanced in support of her two previously denied motions. Although this Court has not assessed the merits of Plaintiff's claims, Defendants have thoroughly explained why Plaintiff has failed to establish even a serious question on the merits—much less likelihood of success. Even if Plaintiff had made the required showing on the merits, her request for injunctive relief pending appeal runs into the same obstacle as her prior two motions—she has failed to show that she will be irreparably harmed absent an injunction. Having twice failed to convince this Court that she will suffer irreparable harm, Plaintiff cannot possibly establish that this is the "rare case[]" that "the threat of irreparable harm [is] so grave" as to warrant the extraordinary remedy of an injunction pending appeal. *United States v. Facebook, Inc.*, No. CV 19-2184, 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024).

## BACKGROUND

The President removed the former Librarian of Congress and designated Todd Blanche, the Deputy Attorney General, as the acting Librarian. Mem. Op. 1 (ECF No. 40). Thereafter, the President removed the then-Register of Copyrights, Plaintiff Shira Perlmutter, from office, and Mr. Blanche appointed Brian Nieves and Defendant Paul Perkins to serve as the acting Principal

1

Deputy Librarian of Congress, and acting Register of Copyrights, respectively. *Id.*; *see also* Decl. of Shira Perlmutter ¶¶ 8-10 (ECF No. 24-3).

Plaintiff filed this lawsuit, challenging her removal as Register of Copyrights and requesting a temporary restraining order to prevent Mr. Blanche from serving as acting Librarian of Congress, to prohibit Mr. Perkins from serving as acting Register of Copyrights, and to reinstate Plaintiff to the position of Register of Copyrights. Compl. at 11-12 (ECF No. 1); *see* Proposed Order Granting Pl. Shira Perlmutter's Mot. for TRO (ECF No. 2-2). This Court denied that motion, holding that Plaintiff failed to meet "her burden of showing that she will suffer imminent irreparable harm" absent a temporary restraining order. TRO Hr'g Tr. at 51:25-52:6 (ECF No. 33-1). The Court did not address the merits of Plaintiff's claims.

Plaintiff then moved for a preliminary injunction. In support of that motion, she relied on the exact same theories of irreparable harm and submitted the exact same evidence—a single declaration from Plaintiff. *See generally* Pl.'s Mot. for Prelim. Inj. (ECF No. 24-2). On July 30, 2025, this Court issued a memorandum opinion and order denying Plaintiff's motion for a preliminary injunction. *See generally* Mem. Op. (ECF No. 40). The Court denied Plaintiff's motion solely because she failed to establish irreparable harm, and did not address the merits of her claims. *Id.* at 3 ("The Court's analysis begins and ends with irreparable harm.").

Plaintiff has now filed a motion for an injunction pending appeal. ECF No. 43. On August 7, 2025, Plaintiff also filed an emergency motion for an injunction pending appeal in the D.C. Circuit.

## ARGUMENT

"An injunction pending appeal is an 'extraordinary remedy.'" *Facebook, Inc.*, 2024 WL 291739, at *1. The movant "must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of

2

equities tips in their favor, and (4) an injunction is in the public interest." *Id*. (quotation marks omitted). Where, as here, a government entity is the opposing party, the last two factors merge. *Id*.

Although "an injunction pending appeal may be proper, even without a likelihood of success on the merits," that is only true in the "rare case[]" that "the threat of irreparable harm [is] so grave," the "balance of equities … favor[s] the movant so decisively," and "the movant establishes a serious legal question on the merits." *Facebook, Inc.*, 2024 WL 291739, at *1. Moreover, where the "relief sought is an injunction on the coordinate branches of government it is even more important that the three remaining factors outweigh the lack of likelihood of success on the merits," as "courts must take care not to unnecessarily halt the functions of a coordinate branch." *Id*. (quotation marks and ellipses omitted).

I. **Plaintiff has not Shown a Likelihood of Success or a Serious Question on the Merits.**

Plaintiff has not shown a likelihood of success—or even a serious question—on the merits. As Defendants established in their prior briefing, Plaintiff was lawfully removed from her former position as Register of Copyrights, because (1) the President lawfully designated Mr. Blanche as the acting Librarian of Congress under the Federal Vacancies Reform Act ("FVRA"), and Mr. Blanche lawfully removed Plaintiff by designating Mr. Perkins as acting Register of Copyrights; (2) the President had independent authority under Article II of the Constitution to designate Mr. Blanche as acting Librarian of Congress; and (3) Article II separately authorized the President to remove Plaintiff directly. *See* Opp. to Mot. for TRO at 6-11 (ECF No. 7); Opp. to Mot. for Prelim. Inj. at 9-17 (ECF No. 33). Each of these grounds is independently sufficient to sustain Plaintiff's removal and to deny relief.

Other than cross-referencing her prior briefing, Plaintiff relies on the D.C. Circuit's stay decision in *Aviel v. Gor*, 2025 WL 1600446 (D.C. Cir. June 5, 2025), to suggest that there are

3

serious questions as to the President's Article II power to designate acting principal officers and to directly remove inferior officers in this context. Mot. 4. But *Aviel* did not involve the key statutory question in this case—*i.e.*, whether the Library of Congress is an "Executive agency" under the FVRA for which the President may designate an acting principal officer. 5 U.S.C. § 3345; *see id.* § 104 (definition of "Executive agency"). That statutory authority is an independent basis to sustain Plaintiff's removal from office. So *Aviel* does not establish a likelihood of success or a serious question on the lawfulness of the President's designation of Mr. Blanche as acting Librarian. Nor is the statutory question under the FVRA "recurring," as Plaintiff suggests. Mot. 4-5. In the more than two decades since the FVRA became law, no court has considered whether the Library of Congress is an "Executive agency" under that law.

Concluding that Plaintiff has made a sufficient showing on the merits would be particularly inappropriate at this stage of the litigation. This Court denied Plaintiff's motions for a temporary restraining order and a preliminary injunction solely because she failed to show irreparable harm, *supra*, p. 2—a prerequisite to either form of relief. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Having declined to reach the merits in resolving Plaintiff's prior motions, this Court should not do so now, for the first time, in the context of addressing Plaintiff's five-page motion for an injunction pending appeal.

## II.     The Remaining Factors Strongly Disfavor an Injunction Pending Appeal.

Plaintiff also has not established any of the remaining requirements for an injunction pending appeal—that she will suffer irreparable harm absent an injunction, or that the balance of equities and public interest favor an injunction. Even if the Court thought that Plaintiff has shown a serious question on the merits—which she has not—she still has not established that this is the truly "rare case[]" where the remaining factors so clearly "outweigh the lack of likelihood of success on the merits" as to justify "halt[ing] the functions of a coordinate branch" of government.

4

*Facebook, Inc.*, 2024 WL 291739, at *1.

**Irreparable Harm:**  Plaintiff's motion relies on the exact same arguments and theories of irreparable harm that this Court has found legally defective and insufficient to support preliminary injunctive relief.  Mem. Op. 3-15 (ECF No. 40).  The Court's preliminary injunction decision dispenses with Plaintiff's reliance on her prior arguments.  Otherwise, Plaintiff raises two new points that are equally meritless.

First, Plaintiff says her purported inability to perform "her 'statutory right to function'" is irreparable because Defendants "have abandoned [an] argument" that Plaintiff could recover backpay.  Mot. 2 (citing Pl.'s Reply at 19 n.6).  But Defendants never suggested that Plaintiff could not recover backpay.  Injunctive relief is inappropriate because Plaintiff has "remedies available at law, such as monetary [relief]" in backpay.  *Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Service*, 64 F.4th 1354, 1364 (D.C. Cir. 2023); *see also* Defs.' Opp. to Pl.'s Mot. for a TRO at 20 (ECF No. 7) (arguing that "[s]hould the Court ultimately determine that Plaintiff's removal was unlawful, then she can obtain monetary relief in the form of back pay").  Moreover, the relief Plaintiff has sought—reinstatement—would remediate any harm to her if she prevails on the merits and can establish that she is entitled to that remedy.  *See Dellinger v. Bessent*, 2025 WL 887518, at *4 (D.C. Cir. Mar. 10, 2025) (concluding that a removed official is not irreparably harmed by "remain[ing] out of office for a short period of time").

Second, Plaintiff claims "irreparable harm due to [her] inability to execute the Register's statutory duties."  Mot. 3.  But those duties are vested in the office, and Plaintiff has no personal right to them.  The notion that public officials "have a separate private right, akin to a property interest, in the powers of their offices" is "alien to the concept of a republican form of government."  *Barnes v. Kline*, 759 F.2d 21, 50 (D.C. Cir. 1984) (Bork, J., dissenting), *judgment*

5

*vacates sub nom. Burke v. Barnes*, 479 U.S. 361 (1987). Plaintiff also intimates the existence of irreparable harm because Mr. Perkins—the acting Register of Copyrights—"has not returned to the Library of Congress since he was denied access on May 12, 2025." Mot. 3. But that is not a harm *to Plaintiff*. *See* Mem. Op. 13 (ECF No. 43) (holding that "injuries to third parties are not the basis to find irreparable harm"). The President may consider that fact, and any underlying circumstances, in determining how best to oversee and supervise the Executive Branch. But that question of Executive supervision does not entitle Plaintiff to exercise Executive power over the President's objection and instead of the President's preferred official.

**Equities/Public Interest:** Plaintiff's argument that the equities and public interest favor an injunction pending appeal rest entirely on the premise that she is likely to succeed on the merits of her claims and will be irreparably harmed absent an injunction pending appeal. *See* Mot. 4. As explained above and in Defendants' briefing, those premises are legally incorrect and the balance of equities and public interest disfavor an injunction. *See* Defs.' Opp. to Pl.'s Mot. for a Prelim. Inj. at 35-37 (ECF No. 33).

## CONCLUSION

The Court should deny the motion for an injunction pending appeal.

|  |  |
|---|---|
| Dated: August 12, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br><br>YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General<br><br>ERIC HAMILTON<br>Deputy Assistant Attorney General<br><br>CHRISTOPHER R. HALL<br>Assistant Branch Director<br>Federal Programs Branch<br><br>/s/ *Benjamin Hayes*<br>BENJAMIN HAYES<br>Senior Counsel to the Assistant Attorney General<br>U.S. Department of Justice, Civil Division<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>*Benjamin.T.Hayes@usdoj.gov*<br>(202) 856-8207 |