IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRA PERLMUTTER,

    *Plaintiff*,

v.

TODD BLANCHE *et al.*,

    *Defendants*.

Case No. 25-cv-01659-TJK

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION
FOR INJUNCTION PENDING APPEAL**

Pursuant to this Court's minute order dated August 5, 2025, Plaintiff Shira Perlmutter respectfully submits this reply in support of her motion for an injunction pending appeal.

Defendants' opposition takes the view that there is not even a "serious question" that the President was entitled to appoint an acting Librarian of Congress under the Federal Vacancies Reform Act. ECF No. 45, at 3. Ms. Perlmutter has explained repeatedly why Defendants are flat wrong. Defendants do not attempt to explain why it comports with any known mode of statutory construction to adopt a definition of "Executive agency" that would render a dozen other statutory provisions superfluous and that has no textual support whatsoever. Ms. Perlmutter welcomes this Court's adjudication of the merits of the parties' dispute at the earliest possible juncture.

With respect to "irreparable harm," which has formed the basis for this Court's two prior decisions, Defendants remain unable to identify whether their theory is that Ms. Perlmutter has not been injured or that her injury is not irreparable. Neither position would withstand scrutiny. This Court has acknowledged that a plaintiff facing termination from a soon-to-shutter government agency suffers irreparable injury (ECF No. 40, at 6–8), which necessarily means that the loss of the job constitutes an injury. Assuming that Defendants' efforts to remove Ms. Perlmutter are unlawful and cause her injury, Defendants have offered not even a theory for how Ms. Perlmutter can be made whole at some later date. And of course she cannot: the President obstructed Ms. Perlmutter from performing her role as a key advisor to Congress just after she issued a report on the copyright implications for training generative artificial intelligence models, just before the President launched his AI Action Plan and announced his view that copyright law should be no obstacle. The dots are not difficult to connect. Ms. Perlmutter has been injured and her injury cannot be redressed later; by definition, she has suffered irreparable injury.

This Court should grant Ms. Perlmutter's motion for an injunction pending appeal and end Defendants' lawless attempt to take over of the Library of Congress.

Dated: August 15, 2025

Respectfully submitted,

*/s/ Allyson R. Scher*
Brian D. Netter (D.C. Bar No. 979362)
Allyson R. Scher (D.C. Bar No. 1616379)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bnetter@democracyforward.org
ascher@democracyforward.org

Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
donald.verrilli@mto.com
ginger.anders@mto.com

Kuruvilla J. Olasa (admitted *pro hac vice*)
Miranda E. Rehaut (admitted *pro hac vice*)
Adeel Mohammadi (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
(213) 683-9100
kuruvilla.olasa@mto.com
miranda.rehaut@mto.com
adeel.mohammadi@mto.com

*Counsel for Plaintiff*