UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRA PERLMUTTER,

    *Plaintiff*,

v.

TODD BLANCHE et al.,

    *Defendants*.

Civil Action No. 25-1659 (TJK)

## MEMORANDUM

On May 10, 2025, President Trump purportedly fired Shira Perlmutter from her position as Register of Copyrights and Director of the U.S. Copyright Office at the Library of Congress. ECF No. 24-3 ¶¶ 1, 8–9. Perlmutter, believing her termination to be unlawful, sued a few weeks later and then moved for a temporary restraining order seeking to prevent her removal, which the Court denied. ECF Nos. 1, 2, 15. She then moved for a preliminary injunction. ECF No. 24. The Court denied that motion for substantially the same reasons it denied her request for a temporary restraining order, finding that she had failed to establish that she would be irreparably harmed absent the requested injunction. ECF Nos. 39, 40. Perlmutter has now appealed that denial and moves for an injunction pending appeal. ECF Nos. 41, 43. But because she has again failed to show that she will be irreparably harmed absent her requested relief, the Court will deny her motion.

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." An "injunction pending appeal is an extraordinary remedy." *Memphis Publ'g Co. v. FBI*, 195 F. Supp. 3d 1, 3 (D.D.C. 2012). "The standards for evaluating a motion for an injunction pending

appeal are 'substantially the same as those for issuing a preliminary injunction.'" *Amgen Inc. v. Azar*, No. 17-cv-1006, 2018 WL 1990521, at *1 (D.D.C. Feb. 22, 2018) (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005)). Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 20 (2008)).

Rule 62(d) also contemplates situations in which a district court that has denied an injunction still grants an injunction pending appeal. *MediNatura, Inc. v. FDA*, No. 20-cv-2066, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021). Thus, in "at least some circumstances," an injunction pending appeal "may be appropriate" even if the court that just denied injunctive relief "believe[s] its analysis" in denying relief "is correct" in that the movant cannot show a likelihood of success on the merits. *Id.* (quotation omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977). So "in rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor" the movant "so decisively that an injunction pending appeal . . . may be proper," even without a likelihood of success on the merits, so long as the movant at least establishes a "serious legal question" on the merits and shows that "the other three factors tip sharply" in its favor. *MediNatura*, 2021 WL 1025835, at *6 (quotation omitted); *see also Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 560–61 & n.4 (D.D.C. 2018).

The Court will deny Perlmutter's motion because she has not shown that she faces irreparable harm, "grave" or otherwise, absent an injunction pending appeal. She presents the same three irreparable-harm arguments the Court has already considered and rejected twice. According to Perlmutter, she will be irreparably harmed absent an injunction because (1) her removal, even if only temporary, "deprive[s] her of her 'statutory right to function' in the role that the Librarian of Congress lawfully appointed her to perform," ECF No. 43 at 2; (2) she cannot "discharge her

statutory duties" while temporarily removed, *id.* at 3; and (3) "the President's efforts to oust [her] directly threaten the Library's and Copyright Office's ability to perform their assigned functions as intended by Congress," *id.*

Perlmutter has given the Court no reason to reconsider its prior conclusions that she has not established that she will suffer irreparable harm absent preliminary injunctive relief. Such relief in government-personnel cases is permitted only in a "genuinely extraordinary situation." *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974). That requires Perlmutter to show that "the circumstances surrounding [her] discharge, together with the resultant effect on [her], . . . so far depart from the normal situation that irreparable injury might be found." *Id.* But as the Court has already explained in detail, the temporary loss of a "statutory right to function"—assuming such a right exists, *see* ECF No. 40 at 12 n.8—does not meet this standard, *id.* at 4–12. The same is true for Perlmutter's temporary inability to discharge her statutory duties. *Id.* at 12–13. And Perlmutter cannot rely on alleged harms to the Library or Copyright Office because she must show that *she*—not third parties—will be irreparably harmed. *Id.* at 13–14. Finally, even if she could rely on harms to third parties, Perlmutter's asserted harms to the Library and Copyright Office flowing from her temporary removal are speculative at best. *Id.* at 14–15. So she has not shown that this case presents such a "genuinely extraordinary situation" that irreparable harm may be found. *Sampson*, 415 U.S. at 92 n.68. And because she has not shown that she will suffer irreparable harm absent an injunction pending appeal, the Court will deny her motion.

For all the above reasons, the Court will deny Perlmutter's Emergency Motion for Injunction Pending Appeal. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: August 20, 2025