UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRA PERLMUTTER,
    Plaintiff,

v.

TODD BLANCHE, in his official capacity as
Acting Librarian of Congress,
    Defendant.

Case No. 1:25-cv-1659 (TJK)

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

Alvaro E. Siman respectfully moves for leave to file the accompanying proposed Brief as Amicus Curiae. This motion is supported by the Declaration of Alvaro E. Siman and the exhibits attached thereto.

**Interest of Amicus Curiae**

Amicus is an architect, historian, and industrial manufacturer trained in historiography. His academic work focuses on eugenics, scientific racism, and their corresponding laws. He is also a luthier—a builder of stringed musical instruments—whose sculptural instrument designs were denied copyright protection by the Copyright Office under the "useful articles" doctrine.

Amicus applied for copyright protection on three sculptural instrument designs. The Copyright Office rejected each application under the "useful articles" doctrine—a doctrine the Copyright Office authored and administers. The damages were compounded by the United States Patent and Trademark Office. Amicus has active civil rights complaints pending with the Department of Justice (Case No. 740459-NDX) and documented accommodation denials across both agencies.

Amicus's interest is not in the employment question before this Court. His interest is in the

1

RECEIVED
Mailroom

APR 15 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

constitutional predicates upon which any answer to that question depends—predicates that affect communities who have no voice in this litigation but must live with its consequences.

**Why the Proposed Brief Would Assist the Court**

The parties dispute step five of a five-step chain. Amicus addresses steps one through four—determinations logically antecedent to the employment question but not raised by either party.

**The chain is as follows:**

*First,* this case arises from the Executive's effort to use copyrighted works in the Library of Congress's collection to train artificial intelligence; AI training rights depend on who owns the corpus.

*Second,* ownership depends on whether acquisition was constitutional; *Valancourt Books, LLC v. Garland,* No. 21-5203 (D.C. Cir. 2023), held that mandatory deposit without just compensation constitutes a taking.

*Third,* the constitutionality of the doctrines enabling denial and acquisition—"useful articles" and "romantic authorship"—has never been examined for constitutional infirmity at their source.

*Fourth,* the institutional authority to administer those doctrines depends on what kind of power the Copyright Office exercises—ministerial registration or adjudicatory gatekeeping.

*Fifth,* the classification of that power determines the employment question before this Court.

The parties litigate step five. The affected communities must live with steps one through four.

Neither party has raised these antecedent questions. Neither party represents the communities —Indigenous peoples, disabled creators, practitioners of non-Western art forms—categorically excluded by doctrines the Copyright Office authored. The proposed brief provides the Court with historical, constitutional, and practical context that the parties' filings do not address.

2

## Position of the Parties

**Plaintiffs:** Position unknown. Amicus has made no contact with counsel for Plaintiffs.

**Defendants:** Position unknown. Amicus has made no contact with counsel for Defendants.

Amicus respectfully submits that conferral was not required given that the proposed brief takes no position on the employment question and addresses only matters antecedent to the parties' dispute. Amicus takes no position on the employment question before the Court. The proposed brief addresses only matters antecedent to the parties' dispute—matters upon which the Court's determination will necessarily depend regardless of how it resolves the question the parties have framed.

Amicus appears *pro se* with documented disabilities requiring accommodation. Pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers.

## Request for Leave

For the foregoing reasons, Amicus respectfully requests that the Court grant leave to file the accompanying proposed Brief as Amicus Curiae.

Dated: _____4/15_____, 2026

Respectfully submitted,

Alvaro E. Siman
Pro Se Amicus Curiae
221 Donax Ave – Unit 1
Imperial Beach, CA 91932